UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNA GILL,

    Plaintiff,

vs.                                                         CASE NO. 3:08-cv-1076-J-TEM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.[1]

## O R D E R

This case is before the Court on Plaintiff's Motion for an Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #20), filed September 18, 2013. The Commissioner filed a response (Doc. #21) on October 1, 2013, indicating the Commissioner has no objection to the amount of fees requested by Plaintiff's attorney.

Plaintiff's attorney obtained a favorable result for his client in this Social Security appeal (*See* Doc. #20 at 2). In a notice dated August 19, 2013, the Social Security Administration indicated that it was withholding in escrow twenty-five percent (25%) of Plaintiff's past due benefits, totaling $7,316.00, for possible payment of attorney fees (*See* Doc. # 20, Ex. 2). Pursuant to the contingency fee agreement entered into by Plaintiff and her attorney, Plaintiff's counsel now requests an award for attorney's fees of $7,316.00.

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his client upon remand from federal court may petition the Court for a fee not in excess of 25% of the

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

total past-due benefits to which the claimant is entitled.  42 U.S.C. § 406(b)(1)(A).  In capping the fee at 25%, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 806 (2002) (citations omitted).  "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id.* at 807.  The Court's § 406(b) reasonableness analysis is not meant to supplant the contingency-fee arrangement, which the Supreme Court recognized as the most common fee arrangement in Social Security cases.  *Id.* at 800.  In fact, the Supreme Court counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee.  *Id.* at 808.  Other key considerations include the character of the representation and the results the representation achieved.  *Id.*  For example, "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case" the Court may appropriately reduce the fee.  *Id.*

Here, Plaintiff retained counsel in April 2008, after an Administrative Law Judge (ALJ) denied her claim for Social Security benefits (*see* Doc. #20 at 1). On November 7, 2008, Plaintiff's counsel filed a complaint in this Court after Plaintiff's claim for benefits was denied by the Appeal's Council. The Court remanded Plaintiff's case to the Social Security Administration on July 20, 2009, and awarded EAJA fees on July 24, 2009 in the amount of $3,214.00 for 20.25 hours of work (*see* Doc. #20 at 2).[2]  On June 22, 2010, the ALJ entered a fully favorable decision. *Id.*  While Plaintiff's claim was pending before this Court, counsel

---

[2] In recognition of the prohibition against "double-dipping," counsel will reimburse Plaintiff the previously awarded EAJA fees in the total amount of $3,214.68 (*see* Doc. #20 at 4).

also represented her on a subsequent application for Social Security benefits. *Id.* This subsequent application was approved by an ALJ, and eventually approved by the Appeals Council. *Id.* Plaintiff and her counsel have a written contingency fee agreement which provides for a 25% contingent fee of past due benefits, should Plaintiff receive a favorable decision after proceedings beyond the initial hearing level. *Id.* at 3.

The Court has reviewed the contingency fee agreement and has considered the character of the representation and the results Plaintiff's counsel achieved and finds that the 25% contingency fee is reasonable in this case.

Accordingly, upon due consideration, it is hereby **ORDERED:**

1. Plaintiff's Motion for an Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 20, Motion) is **GRANTED**. The Court finds that a reasonable fee for Plaintiff's counsel, Erik W. Berger, for representation of Plaintiff in this case is $7, 316.00. The Commissioner shall now pay Erik W. Berger the sum of $7, 316.00 from the past-due benefits being held in escrow in this case. The Commissioner shall refund the remainder of the escrowed past-due benefits to Plaintiff.

2. The Clerk shall enter Judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of October, 2013.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record